**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**CHADLEY DEAN ALLEY**,

    Petitioner,

v.                                                    Civil Action No. **3:19CV339**

**WARDEN, FCC PETERSBURG**,

    Respondent.

**MEMORANDUM OPINION**

Chadley Dean Alley, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("2241 Petition," ECF No. 1). Alley claims that in light of the decisions *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019), he was improperly sentenced to an enhanced sentence under the Armed Career Criminal Act. (§ 2241 Pet. 7.)[1] Respondent has moved to dismiss. (ECF No. 6.) Because the Court already has addressed Alley's claim, the present action will be dismissed as an abuse of the writ.

**I. ANALYSIS**

    **A.**     **Prior Litigation**

Just as he does now, Alley previously asserted that in the wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015), his North Carolina convictions for breaking and entering no longer qualify as predicates for imposing an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *Alley v. Wilson*, at 1 3:17CV637 (E.D.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Va. July 17, 2018) ("*Alley I*") (citation omitted). In rejecting that claim previously, the Court found:

> As noted by the Supreme Court
>> Federal law forbids certain people-such as convicted felons, persons committed to mental institutions, and drug users-to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).
>
> *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015) (citation omitted).
> The Armed Career Criminal Act (ACCA) defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557. "Therefore, in order for a prior conviction to qualify as a violent felony under the ACCA following *Johnson*, it must qualify either under the enumerated offense clause or under the force clause." *United States v. McNatt*, 727 F. App'x 68, 69 (4th Cir. 2018).
> Petitioner was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (ECF No. 1, at 3.) Petitioner received an enhanced sentence under ACCA based upon his three prior North Carolina convictions "for 'breaking and entering' under N.C. Gen. Stat. § 14–54(a)." (*Id.*) Petitioner contends:
>> Although the Fourth Circuit previously held that such prior convictions qualify as "violent" for purposes of an increased statutory sentence under 18 U.S.C. § 924(e), it has recently questioned that holding now in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Brown*, 670 F. App'x 191, 192 (4th Cir. Nov. 18, 2016).
>> . . . In light of *Johnson* and *Mathis,* [Petitioner's breaking and entering convictions] no longer qualify as predicate conviction[s] for purposes of § 924(e) . . . .
>
> (*Id.*)
> Petitioner is wrong. Just last month, the Fourth Circuit reaffirmed that, in the wake of *Johnson* and *Mathis*, North Carolina breaking and entering qualifies as a violent felony for ACCA under the enumerated offense clause. *McNatt*, 727 F.

2

> App'x at 69 ("reaffirming this court's holding that North Carolina's breaking and entering statute criminalizes no more than generic burglary and is an enumerated offense under the ACCA" (citing *United States v. Beatty*, 702 F. App'x 148, 150-51 (4th Cir. 2017))). Accordingly, Petitioner's § 2241 Petition (ECF No. 1) will be DENIED.

*Id.* at 1–3. The Court also considered the decision in *Wheeler*, in rejecting Alley's claim. *Id.* at 1 n.1.

### B.    Abuse of the Writ

Pursuant to 28 U.S.C. § 2244(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Although § 2241 is not specifically referenced in § 2244(a), "[i]t has become well established that § 2244(a), as amended by the AEDPA, bars second or successive § 2241 applications that seek to relitigate issues that were adjudicated in a prior § 2241 proceeding." *Quiller v. Wilson*, No. 1:12cv426 (LO/JFA), 2012 WL 6725612, at *4 (E.D. Va. Dec. 21, 2012), *aff'd sub nom. Quiller v. Blackburns*, 512 F. App'x 384 (4th Cir. 2013); *see Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1350, 1352 (11th Cir. 2008) (affirming the district court's dismissal of a § 2241 petition as successive where the petitioner "alleg[ed] he was denied certain credits toward his sentence to which he was entitled" and the petitioner had previously filed a § 2241 petition raising the same grounds for relief, which had been denied on the merits); *Queen v. Miner*, 530 F.3d 253, 254–55 (3d Cir. 2008) (discussing that § 2244(a) barred a petitioner's successive § 2241 petition, in which the petitioner had sought to challenge the same institutional conviction that he had challenged in a prior § 2241 petition); *Valona v. United States*, 138 F.3d 693, 695 (7th

3

Cir. 1998) (discussing that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence"); *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997) (dismissing the petitioner's § 2241 petition, which "rais[ed] the same challenge to the computation of [the petitioner's] sentence that he had raised in [two prior motions]," pursuant to 28 U.S.C. § 2244(a) "[b]ecause this issue [had] already been decided on its merits").

Similarly, prior to the enactment of the statutory bar on successive habeas petitions, the Supreme Court developed the "abuse of the writ" doctrine, which limited the review of successive habeas petitions. *See McCleskey v. Zant*, 499 U.S. 467, 490–96 (1991). Under the abuse of the writ doctrine, "a court could decline to hear a claim that was both raised and adjudicated in an earlier petition." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). Further, in applying the abuse of the writ doctrine, "grounds may be considered the same even when supported by different legal arguments." *Id.* (citation omitted). Nevertheless, "[e]ven if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground." *Sanders*, 373 U.S. at 16.

Here, Alley fails to demonstrate that the ends of justice warrant consideration of his Present § 2241 Petition.[2] Accordingly, for these reasons, the § 2241 Petition will be DENIED.

---

[2] If the Court were to address the merits of Alley's claim, the claim would be dismissed for the same reasons that the claim was rejected in *Alley I*.

4

## II. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 6) will be GRANTED. Alley's claim and the action will be DISMISSED. The § 2241 Petition (ECF No. 1) will be DENIED. An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 26 May 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge